**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**SAM FLOYD WAITES**                                                                   **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 1:13cv558-MTP**

**M.D. R. WOODALL**                                                         **DEFENDANT**

**OPINION AND ORDER**

THIS MATTER is before the Court on the Motion for Summary Judgment [38] filed by the Defendant R. Woodall. The Court having carefully considered the motion, the submissions of the parties, and the applicable law, finds that the motion should be GRANTED and this matter dismissed with prejudice.

**BACKGROUND**

Plaintiff Sam Waites, proceeding *pro se* and *in forma pauperis*, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on or about September 16, 2013.[1] Plaintiff is a post-conviction inmate in the custody of the Mississippi Department of Corrections and is incarcerated at the South Mississippi Correctional Institution ("SMCI"). The alleged events and omissions giving rise to this lawsuit occurred at SMCI. The Plaintiff's claims and relief sought were clarified and amended by his sworn testimony at a *Spears*[2] hearing held on April 29, 2015.[3]

Plaintiff alleges that Defendant Woodall, the medical director at SMCI, was deliberately

---

[1] *See* Complaint [1] at 4.

[2] *Spears v. McCotter*, 76 F.2d 179 (5th Cir. 1985).

[3] *See* Omnibus Order [34]; *Flores v. Livingston*, 405 F. App'x 931, 932 (5th Cir. 2010) (stating that the allegations made by a plaintiff at a *Spears* hearing supercede the claims alleged in the complaint).

indifferent to his medical needs by failing to provide adequate treatment for his various ailments. Specifically, Plaintiff alleges that prior to his incarceration in 2012, he was taking medication for several ailments–including arthritis pain in his leg, a back injury, high cholesterol, diabetes, stomach pain, and asthma–but that he no longer receives adequate medical treatment for these conditions in prison.

Plaintiff alleges he met with Dr. Woodall in March 2013 and explained his need for medication. He alleges that he also filled out a medical authorization so that Dr. Woodall could confirm which medications the Plaintiff required. Plaintiff alleges that Dr. Woodall refused to prescribe him medication for all of his conditions, and that the medications he did prescribe were ineffective or inadequate. Specifically, Plaintiff claims that he was prescribed Zantac for his stomach pain but that it is ineffective, and that he is given one asthma inhaler per month, which is insufficient. Finally, Plaintiff alleges that he requested and was denied a walking cane from Dr. Woodall.

Plaintiff seeks injunctive relief in the form of an order from this Court directing that he receive proper medical care for his leg and back pain, high cholesterol, diabetes, stomach pain and asthma.

**STANDARD**

A motion for summary judgement will be granted when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party

"cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 ((emphasis omitted). The nonmovant cannot survive a proper motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## ANALYSIS

As outlined above, the Plaintiff alleges Defendant Woodall was deliberately indifferent to his medical needs. A prison official violates the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious health and safety needs. *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001). A plaintiff must meet an "extremely high" standard to show deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotations omitted). For a prison official to be liable for deliberate indifference, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference is "an extremely high standard" that encompasses "only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

Deliberate indifference is particularly difficult to establish when the inmate was provided with ongoing medical treatment. "Unsuccessful medical treatments, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert*, 463 F.3d at 346 (citations omitted). Complaints that more treatment should have been ordered, without more, are insufficient to show deliberate indifference, as "the decision whether to provide additional treatment is a classic example of a matter for medical judgment." *Domino*, 239 F.3d at 756. The plaintiff must instead show that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

In this case, Plaintiff's sworn testimony at the *Spears* hearing indicates that Dr. Woodall provided him with at least some medical care. At the hearing, the Plaintiff stated that he was prescribed medication for his stomach pain and asthma. He also states that he met with Dr. Woodall on at least one occasion to discuss his treatment options.[4]

A review of Plaintiff's medical records reveals the full extent of the substantial medical attention he has received at SMCI. In support of his motion for summary judgment, Defendant offers nearly 700 pages of the Plaintiff's medical records at SMCI, which span only three years time.[5] These voluminous records indicate that the Plaintiff received considerable treatment for the very conditions he alleges were ignored by Dr. Woodall.

For instance, the Plaintiff states that he suffers from high cholesterol and other conditions

---

[4]*See* Omnibus Order [34] at 2.

[5]*See generally* Medical records [41].

affecting his heart. The Plaintiff was enrolled at the cardiovascular chronic care clinic at SMCI on February 5, 2013, at which time his hypertension and high cholesterol were noted.[6] The Plaintiff complained of chest pain on April 29, 2013, and was examined the same day of RN Danielle Eubanks.[7] Plaintiff received an EKG and an injection of Solu-Medrol, an anti-inflammatory, on April 30.[8] The Plaintiff was examined by RN Penny Jemison on May 7, 2013, when he again complained of chest pain.[9] He was prescribed aspirin and nitroglycerin, and was then transported by ambulance to a local hospital.[10] The Plaintiff later underwent surgery in May 2013 at Forrest General Hospital, a non-prison medical facility, to receive a pacemaker.[11] Following surgery, the Plaintiff was prescribed several medications including Zocor, which is used to treat high-cholesterol.[12] At a follow-up visit in December 2014, a physician at the Hattiesburg Clinic noted that the Plaintiff's blood pressure was under good control and that the Plaintiff's heart pace was normal.[13]

The Plaintiff also alleges that he suffers from pain in his leg and back. In February 2013, Dr.

---

[6] *See id.* [41] at 52.

[7] *Id.* at 75.

[8] *Id.* at 81.

[9] *Id.* at 84.

[10] *Id.* at 86; 91.

[11] [41-1] at 67.

[12] [41-1] at 71.

[13] [41] at 16.

5

Woodall directed that the Plaintiff be given a bottom rack.[14] Plaintiff received an x-ray of his leg in October 2014, which showed no fracture, dislocation, or lesions. The radiologist opined that blackening around the Plaintiff's distal interosseous membrane could be attributed to an old injury.[15] As for the Plaintiff's alleged back pain, he received a x-ray of his "L-spine"[16] in October 2014. The x-ray indicated that the Plaintiff's vertebrae were satisfactorily aligned and that the disc spaces were well maintained.[17] The Plaintiff was routinely prescribed acetaminophen and ibuprofen by various treatment providers for his pain.[18] Dr. Woodall also ordered that Plaintiff be given a wheelchair for a period of time in August 2013, when he was experiencing trouble ambulating.[19]

The record reflects that Plaintiff received substantial treatment for his asthma, and that Dr. Woodall increased or changed the Plaintiff's asthma prescription several times in order to find the best combination.[20] Plaintiff was enrolled in the pulmonary chronic care clinic in February 2013 and was prescribed Albutrol.[21] Dr. Woodall also prescribed Alvesco, Advair, and Xopenex–all inhaled

---

[14]*Id.* at 58.

[15]*Id.* at 33.

[16]The record presumably refers to the Plaintiff's lumbar spine.

[17]*Id*. at 36.

[18][41-4] at 59.

[19][41-6] at 94.

[20]*See* Woodall Affidavit [38-2].

[21]*See* Medical Records [41] at 53; 55. Albuterol is a class of medications called bronchodilators, which work by relaxing and opening air passages to the lungs to make breathing easier. *See* Albuterol Oral Inhalation, MedlinePlus, UNITED STATES NATIONAL LIBRARY OF MEDICINE, available at https://www.nlm.nih.gov/medlineplus/druginfo/meds/a682145.html (Last visited January 18, 2016).

corticosteroids–to the Plaintiff in April and October 2013.[22] The Plaintiff reported difficulty breathing on both July 6 and August 27 of 2013, but providers noted on both occasions that the Plaintiff's respirations were not labored and that his chest was rising and falling evenly.[23] Apart from his two complaints in 2013, the record does not reflect that the Plaintiff experienced excessive difficulty with his asthma while taking the medications. The Plaintiff argues that he should be prescribed more medication, but Dr. Woodall states that the amount of medication the Plaintiff is currently prescribed should be sufficient if used correctly.[24]

Finally, Plaintiff argues that he should have received treatment for stomach pain and diabetes. However, the only complaint of stomach/abdominal pain contained in the Plaintiff's records was made in connection to a urinary tract infection, which was treated with antibiotics in August and September 2014, and heartburn, for which the Plaintiff was prescribed Zantac and Protonix.[25] As for the Plaintiff's diabetes, he was placed on a restricted diet by Dr. Woodall in November 2013. Plaintiff was seen at the endocrine chronic care clinic at SMCI on February 2014. Nurse practitioner Gwendolyn Woodland noted that the Plaintiff's diabetes was well-controlled by his diet, and that medication was unnecessary at that time.[26] Woodland made the same finding at Plaintiff's appointment at the endocrine clinic in May 2014.[27]

---

[22] [41] at 74; [41-2] at 63; 92.

[23] [41-5] at 6; [41-6] at 71.

[24] *See* Woodall Affidavit [38-2].

[25] *See* Medical Records [41-4] at 60-64; [41-5] at 29; 66.

[26] *Id.* at 64.

[27] *Id.* at 83.

In addition to the treatment the Plaintiff has received for the ailments he reported at the *Spears* hearing, his medical records reflect he also received treatment at SMCI for sleep apnea,[28] depression,[29] psychosis,[30] periodontal disease,[31] and tuberculosis.[32] The record further reflects that the Plaintiff has been noncompliant with prescribed treatment,[33] and has even refused treatment.[34]

Defendant Woodall also offers his sworn affidavit in support of his motion for summary judgment, in which he states that the Plaintiff has been prescribed medication for asthma, high blood pressure, and inflammation. Dr. Woodall also states that he believes he has provided all necessary and appropriate treatment to the Plaintiff.[35]

"Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (affirming district court's dismissal of inmate's deliberate indifference claims as frivolous); *Harris v. Epps*, 523 Fed. App'x 275, 275 (5th Cir. 2013) (per curium) (affirming summary judgment where inmate's medical records reflected that he had received ongoing medical treatment).

Plaintiff alleges that Dr. Woodall declined to prescribe him additional medication and a

---

[28][41] at 38;

[29]*Id.* at 67.

[30]*Id.* at 69-70.

[31]The Plaintiff underwent oral surgery on March 4, 2013. *Id.* [41] at 72.

[32][41-1] at 13.

[33][41] at 74.

[34][41-2] at 57.

[35]*See* Woodall Affidavit [38-2].

walking cane, which Plaintiff believes he requires. Plaintiff further alleges that the medications Dr. Woodall prescribed did not work to his satisfaction, and that he prefers the medications he was prescribed prior to his incarceration. Based on the current record, the Court finds that Plaintiff's assertions are tantamount to a disagreement with his medical care. The Fifth Circuit has firmly and routinely held that unsuccessful medical treatment, as well as a prisoner's disagreement with a course of treatment, fail to establish deliberate indifference. *See, e.g., Gobert*, 463 F.3d at 346; *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Moreover, prisoners are not entitled to the "best medical care money can buy." *See Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992).

The Plaintiff clearly is dissatisfied with Dr. Woodall's attempts to treat him. However, the Plaintiff's own testimony and uncontradicted medical records indicate that he received constitutionally adequate medical care at SMCI. The Plaintiff has been prescribed numerous medications, undergone surgery, and received medical attention on dozens of occasions. Although Plaintiff filed a response to the motion for summary judgment, the response does nothing to contradict his medical records or to establish that Dr. Woodall or any other medical provider at SMCI acted purposely or deliberately to cause him harm.[36]

Accordingly, for the reasons outlined above, the Court finds that Defendant Woodall is entitled to judgment as a matter of law.

IT IS, THEREFORE, ORDERED:

1. That the Motion for Summary Judgment [38] filed by Defendant Woodall is GRANTED;

---

[36]*See* Motion to Oppose Summary Judgment [43].

2. That this matter is hereby dismissed with prejudice; and

3. That a separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 19th day of January, 2016.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge